[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter was tried before the court on June 15, 1995. The court ordered simultaneous trial briefs to be filed by July 3, 1995. Both attorneys complied with the court order.
From the evidence presented, the court could reasonably find that on May 5, 1988, the plaintiff (Bliss) together with two other parties, entered into a partnership agreement known as G.B.R. Associates. The purpose of the partnership was to acquire, invest, sell, manage and mortgage real estate known as 3 Aspetuck Avenue, New Milford, Connecticut. CT Page 11580
The court further accepts the testimony of Mark Rogers that on September 8, 1991, the property had a value of $292,500.
Other partnership assets include $8,496 in cash, a $6,000 (note) account receivable, $1,415 prepaid taxes prorated to the end of the year. The gross value of the partnership assets are therefore $308,411 as of the date of the plaintiff's withdrawal from the partnership. The plaintiff's gross share is 31.67 percent or $97,674.
Liabilities which are to be subtracted from the value are as follows:
1st mortgage $48,894 —
plaintiff's share $15,485
2nd mortgage $127,980 —
 plaintiff's share $53,956 _______ $69,441
Subtract the plaintiff's share of the liabilities from the plaintiff's share of the assets, the court concludes that he was owed the sum of $28,233 as of September 8, 1991.
The defendant, both in its testimony and in the post trial brief, admits that the sum of $20,256.92 is owed to Mr. Bliss.
It is curious to the court that the defendant failed to argue that the full amount, whatever it may be, is not now owed to the plaintiff since the partnership agreement fails to provide for an acceleration of payment upon default.
The plaintiff recognized the problem and attempted to address it in his post trial brief by indicating that failure to pay within 120 days, a portion of what was owed, constituted an "anticipatory breach" thereby accelerating full payment. He cites as authority the case of Pullman, Comley, Bradley Reeves v.Tuck-it-away, Bridgeport, Inc., 28 Conn. App. 460. The court finds the cited case totally inapplicable to the issue of acceleration.
The defendant, having failed to address the issue, the court will find that it is abandoned. The entire amount of $28,233 is due the plaintiff, together with interest from January 2, 1992 CT Page 11581 (120 days after the appraisal).
Judgment may enter in favor of the plaintiff in the amount of $37,866.
Mihalakos, J.